**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAVID DORAN,** | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | **CIVIL ACTION NO. 4:18-cv-31** |
| **v.** | § | |
| | § | |
| | § | |
| **THE HOME DEPOT, INC.,** | § | |
| *Defendant*. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff David Doran ("Doran" and/or "Plaintiff") and files this, his Original Complaint and Jury Demand against Defendant The Home Depot, Inc., ("Home Depot" or "Defendant") to redress certain grievances arising under the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"), as well as discrimination and retaliation arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.,* the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.,* as amended ("ADAAA"), and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq.* In support of Mr. Doran's claims, he respectfully states as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343(a)(4). The Court has supplemental jurisdiction over Plaintiff's claims under the Texas Labor Code and Texas Law because those claims are so related to the claims in the action with the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367.

2.   Venue is proper in this district under 28 U.S.C. § 1391.

## II. PARTIES

3.   Plaintiff is a male over the age of 40 and resident of Richardson, Texas.

4.   Defendant The Home Depot, Inc., is a Delaware Corporation whose Franchise tax has ended thus does not have the right to do business in Texas, but does maintain a registered office street address at 2727 Paces Ferry Rd., Atlanta, GA 30339. Defendant employed Plaintiff at a location in Plano, Texas.

5.   Defendant is an employer within the meaning of 29 U.S.C. §2611, 42 U.S.C. §12111(5)(A), and Tex. Lab. Code § 21.002(8). At all times relevant to this complaint, Defendant has had over five hundred employees.

## III.  FACTUAL BACKGROUND

6.   For sixteen years, Bruce Doran served as a hardworking employee for Home Depot. Throughout his tenure at Home Depot, Mr. Doran received various accolades and awards and was recognized for his exemplary customer service.

7.   Mr. Doran is a highly seasoned professional, with years of retail experience, and well regarded by those he worked with. For years, he was consistently rated a "Top Performer" or "Valued Associate" that frequently exceeded his store's department sales plans and other key metrics as a Department Supervisor.

8.   Despite his strong performance and many years of loyal service with Home Depot, Mr. Doran's employment with Home Depot changed dramatically with the arrival of Brian Worley as store manager for the Central Plano, TX, #551 store.

9.  After suffering an on the job injury on or about January of 2013, Mr. Doran was subjected to severe and pervasive acts of discrimination that culminated in his ultimate termination from Home Depot on August 19, 2016.

10. Mr. Doran was consistently singled out and required to perform certain more arduous and physically demanding tasks due to his age and disability resulting from his on the job injuries.  Such tasks included, but were not limited to, repeatedly performing late night inventory preparation at other store locations which required heavy lifting, being required to pick up, lift, and load heavy appliances from customers' homes for store returns using his own personal vehicle, and being required to solely perform numerous other heavy lifting tasks on his own that typically required (per store safety policy) two or more associates to complete safely.

11. When Mr. Doran raised concerns about his ability to perform such lifting tasks safely, store management actually responded by sequestering other associates from assisting him with lifting heavy appliances, toilets, and other large items in a safe and compliant manner.

12. Next, Mr. Doran was deliberately moved to the Millworks Department—an area requiring the lifting of windows, doors, molding, and on frequent occasion, shingles, cement, sheetrock, and 80 pound bags of concrete.

13. To make matters worse, store management transferred staff out of the Millworks Department resulting in a short staffing situation that went on for months.  The result was to place Mr. Doran in situations where he was responsible for ensuring that some of the heaviest objects sold at the entire store were consistently and timely moved.

14. On or about November 30, 2014, Mr. Doran was directed to lift and unload Christmas tree shipments from a trailer truck at Home Depot. He was injured performing these tasks and

suffered a hernia.  Following this injury, Mr. Doran's physician issued a work restriction notice prohibiting him from lifting over 20 lbs. and limiting his ability to lift objects of 10 lbs. to only occasionally.

15. Despite providing this physician's notice to Home Depot Human Resources Manager, Cynthia Biscoe, store management continued to require Mr. Doran to lift heavy objects either in what appeared to be a blatant disregard for his physician's restriction or in an attempt to exacerbate his work injuries.

16. For example, on or about May 1, 2015, Assistant Store Manager, Robert Lindblad forced Mr. Doran to move air-conditioner units without assistance. Mr. Lindblad could see that Mr. Doran was physically in pain while trying to perform this task which required lifting window units that easily weighed anywhere between 60 and 100 lbs. each.

17. Mr. Doran experienced severe pain both while lifting and thereafter—resulting in blood in his stool. Mr. Doran promptly reported the incident to store manager, Brian Worley. Later on when Mr. Doran subsequently informed Brian Worley about Mr. Lindblad operating a forklift in an unsafe manner (endangering the health and safety of Mr. Doran, other employees, and even customers), in violation of store safety policies, Brian Worley and store management responded by sequestering and transferring to another department the sole store associate that had been assigned to Mr. Doran's department to occasionally assist with lifting.

18. Likewise, on or about August of 2015, Assistant Store Manager, Brad Davis began excluding Mr. Doran from important staff meetings impacting Mr. Doran's department.

19. That same month, Mr. Doran was again the oldest employee required by his store managers to work offsite at another Home Depot store location (#6504) to perform inventory work late

into the night. Not only was it troubling and unfair to single out Mr. Doran based on his age, but also this assignment required significant lifting of conduit which Mr. Doran's managers were well aware would violate the restrictions set forth by his physician.

20. In the weeks that followed, management only made the work environment for Mr. Doran more hostile and abusive by making offensive comments directly to him.

21. For example, Mr. Davis did little to disguise his disdain for Mr. Doran's age as an employee as evidenced by the fact that on or about October 5, 2015, he confronted Mr. Doran outside the break room and asked "How old are you Bruce and when are you going to retire anyway?"

22. This was not the first time Mr. Davis said something highly offensive to a store employee. Around the same time Mr. Davis was belittling Mr. Doran, he is believed to have also been the subject of an HR complaint when he curtly addressed one of Mr. Doran's coworkers, Penni Hardgrove, an African American female, as "you people…"

23. Mr. Davis wasn't the only one to make offensive and discriminatory comments to Mr. Doran about his age or disability. Store Manager Brian Worley complained to Mr. Doran about Mr. Doran's condition and inability to lift stating that "he needed to hurry up and get that [hernia] fixed."  Unfortunately both the offensive remarks and the willful disregard for Mr. Doran's physical condition by store management only continued.

24. On or about November 11, 2015, Assistant Store Manager Robert Lindblad forced Mr. Doran to lift and move heavy countertops, knowing that Mr. Doran had a weight lifting restriction in place.  When Mr. Doran objected due to the heavy weight, Mr. Lindblad insisted that the task be performed. This further aggravated Mr. Doran's hernia condition causing him more pain and internal bleeding. Mr. Doran reported this incident and on November 13, 2015, Mr.

Doran's physician again provided yet another work restriction notice to Home Depot—this time limiting all lifting to only 10 lbs. or less.  Unfortunately working conditions did not improve in 2016.

25. On or about February 9, 2016, a meeting took place with all the store managers and department supervisors. During this meeting a series of insensitive, offensive, derogatory comments, and jokes were made about Mr. Doran's age by one or more department supervisors.  These remarks were not humorous but rather humiliating for Mr. Doran, and Brian Worley and the other managers did nothing to rectify this situation during the meeting but rather sat back and condoned making offensive comments about Mr. Doran's age.

26. Despite multiple notices provided to Home Depot from Mr. Doran's physician regarding his lifting restrictions, in March 2016 Robert Lindblad again admonished Mr. Doran that he was to lift a pallet of countertops before his shift ended. Mr. Doran apprised Mr. Lindblad again of his lifting restriction but Mr. Lindblad refused to help Mr. Doran get assistance with lifting the heavy countertops.

27. Shortly after complaining to Mr. Lindblad about being required to lift a pallet of countertops, Mr. Doran received a disciplinary write up on or about April 3, 2016.

28. A few days later Mr. Doran had the first of two corrective surgeries to address cataracts. On or about April 25, 2016 he returned to work from both surgeries and presented Human Resources Manager, Cynthia Briscoe, with a work restriction from his eye surgeon. However, Ms. Briscoe refused to accept the work restriction from Mr. Doran's eye surgeon.

29. Without further warning, Mr. Doran was terminated on August 18, 2016.

30. Home Depot was obligated to treat Mr. Doran in a manner that protected his civil rights. Instead, Home Depot discriminated against and harassed Mr. Doran on the basis of his age, for his work related disability, and in retaliation for taking protected medical leave.

31. Home Depot has unlawfully discriminated and retaliated against Mr. Doran, and failed to prevent discrimination and harassment, all in violation of the Family Medical Leave Act ("FMLA"), Age Discrimination in Employment Act of 1967 (ADEA), the Americans with Disabilities Act (ADAAA), as amended, and Chapter 21 of the Texas Labor Code.

32. Mr. Doran timely filed a charge of discrimination with the Equal Employment Opportunity Commission on or about February 10, 2017, which was co-filed with the Texas Workforce Commission. Plaintiff has requested a right to sue letter from the EEOC and TWC.

## IV. CAUSES OF ACTION

### A. Disability Discrimination, Retaliation, and Failure to Accommodate – ADAAA and TCHRA

33. Plaintiff re-alleges and incorporates the allegations contained in the Paragraphs above as if fully stated herein.

34. Defendant's actions, including but not limited to Defendant's ultimate termination of and failure to accommodate Plaintiff were undertaken because of Plaintiff's disability and in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"), and Chapter 21 of the Texas Labor Code.

35. Defendant is engaged in an industry affecting commerce and had 15 or more employees during the relevant time period.

36. Due to Defendant's actions, Plaintiff has suffered, and continues to suffer, damages including but not limited to lost wages, both past and future, the value of fringe benefits, emotional

pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

37. Defendant's actions were done with malice and/or reckless indifference, entitling Plaintiff to punitive damages under the ADAAA.

38. As described above, Defendant intentionally and willfully violated the TCHRA by discriminating against Plaintiff in violation of the TEX. LAB. CODE. §§ 21.051, 21.106 & 21.125.

39. To redress the injuries sustained by Plaintiff on account of Defendant's discriminatory actions, Plaintiff has retained the undersigned counsel to represent her in this action. Plaintiff therefore seeks recovery of her reasonable attorneys' fees, experts' fees, and costs.

**B. Age Discrimination and Retaliation – TCHRA and ADEA**

40. Plaintiff re-alleges and incorporates the allegations contained in the Paragraphs above as if fully stated herein.

41. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under the ADEA and TCHRA.

42. Defendant's actions, including but not limited to Plaintiff's termination, was undertaken because of Plaintiff's age. These actions constituted a continuing violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq. and the* TEX. LAB. CODE § 21.001, *et seq*.

43. Due to Defendant's actions, including but not limited to Plaintiff's ultimate termination, Plaintiff has suffered, and continues to suffer, damages including but not limited to lost wages, both past and future, the value of fringe benefits, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

44. Defendant's actions referenced in the paragraphs above were willful, entitling Plaintiff to

liquidated damages under the ADEA and compensatory damages under the TCHRA.

45. Defendant's actions referenced in the paragraphs above were intentional, malicious, and committed with reckless indifference to Plaintiff's federally and state-protected rights, entitling Plaintiff to compensatory and punitive damages.

46. Defendant's actions referenced above have caused Plaintiff to retain the services of the undersigned counsel in order to pursue his state and federal rights in this action. Plaintiff seeks his reasonable attorneys' fees and costs in this matter.

## C. FMLA Interference of Rights and Retaliation

47. Plaintiff incorporates the above paragraphs as if fully stated herein.

48. All conditions precedent to the filing of this action have occurred or have been fulfilled.

49. Plaintiff was an eligible employee of Defendant as defined by the FMLA.

50. Defendant willfully interfered with, Plaintiff's exercise or attempts to exercise his rights protected by the FMLA. In addition, Defendant willfully retaliated against Plaintiff after he sought protected leave under the FMLA.

51. As a result of the unlawful interference and retaliatory actions of Defendant as described above, Plaintiff has suffered, and will continue to suffer, actual damages, which he hereby seeks, in the form of lost wages (salary and bonuses), medical costs, both past and future, and lost employment benefits and fringe benefits.

52. Defendant's conduct constitutes a willful violation of the FMLA, entitling Plaintiff to recover liquidated damages.

53. Plaintiff also seeks attorneys' fees, reasonable expert witness fees, and costs of the action under the FMLA.

## V. JURY DEMAND

54. Plaintiff hereby demands a jury trial on all issues, claims, actions, and defenses against Home Depot.

## VI. PRAYER

WHEREFORE, Plaintiff, respectfully requests that the above-named Defendant be cited to appear in this matter and that, after jury trial by proof, Plaintiff be awarded:

    i.    Back pay, including but not limited to, lost wages (salary and commissions) and other employment benefits;

    ii.    Reinstatement to his position of employment, equivalent position of employment, or the position of employment he would have enjoyed but for the discrimination and retaliation;

    iii.    In the event that reinstatement is not feasible, front pay with respect to all pay and benefits Plaintiff would have received but for termination;

    iv.    Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

    v.    Actual damages;

    vi.    Punitive damages;

    vii.    Liquidated damages in the maximum amount allowed by law;

    viii.    Judgment against Defendant for Plaintiff's reasonable attorneys' and experts' fees; costs of suit;

    ix.    Prejudgment and post-judgment interest as allowed by law; and

    x.    Such other and further legal and/or equitable relief to which Plaintiff may be justly entitled, as this court may deem proper.

Respectfully Submitted                     Date: _____


                                           _/s/ Adam S. Greenfield_____
                                           Edward B. Cloutman, IV
                                           State Bar No. 24074045
                                           Email:  ecloutman@candglegal.com

                                           Adam S. Greenfield
                                           State Bar No. 24075494
                                           Email:  agreenfield@candglegal.com
                                           *Board Certified in Labor & Employment*
                                           *Law by the Texas Board of Legal*
                                           *Specialization*

                                           **LAW OFFICE OF CLOUTMAN**
                                           **& GREENFIELD, P.L.L.C.**

                                           3301 Elm Street
                                           Dallas, TX 75226-1637
                                           Phone 214.939.9222
                                           Facsimile 214.939.9229